Per curiam
Each of two joint partners are entitled t.o tiie whole — 7the one may release his inlet est m the whole to the other, and that other will then be entitled to the *337 whole as before; but with this .dditional circumstance, that the joinr interest of the other having how falle» off, he is entitl'd solely to the whole. This circumstance however must he stated in the declaration, otherwise the joint contract produced in evidence, will not support the Plaintiff’s claim. The court do not recollect any case like the present, though cases circumstanced like the present must very often have occurred $ but upon principle there can be no good reason why this action should not be supported. Were <bis an endorsement, of part it would not be good , for the Defendant cannot be subjected to more than one action by any act of the Plaintiff’s. This endorsement, if it be considered as transferring a right, causes no multiplication of actions ; the parties as to these remain precisely in statu quo. In truth, the endorsement by one of two joint payees, is good to transfer the whole contents of the note to an endorser, but it is not necessary to go upon this ground now. There can be no doubt but that one partner may release to the other, and leave him solely entitl'd to the money and the action — and of course, the Plaintiff is here entitled to recover. The reason why a contract made with several persons jointly, must be sued by all, is, because if they were to sue severally, they could recover only their several proportions ; no one could recover all to the exclusion of the others— and if each could recover only his proportion, then the ’Defendant upon one contract, would be subject to as ma tty suits as there were persons with whom lie made it.If one might sue alone, by the same reason, each of hem might sue alone. All this mischief is avoided by one joint action brought by all. If each one of them could sue, then either the Defendant would be doubly charged, or one of them mignt recover and receive the money to his own use without the interference, and to the total excln-siott of the others. This ' inconvenience is avoided by a joint action ; but wherever the reason of a rule ceases, the rule will also cease. In most instances, more properly speaking, the rule extends no further than the reason of it warrants $ and wherever the case is so circumstanced, that an action by one only, will not be accompanied or followed by the mischievous consequences before mentioned,there can be no good legal objection against it that appears in the present instance. Where one cannot he in jured, by the other’s proceeding for the whole, as *338 he cannot be when lie 1ms relinquished his whole demand, there is mi reason for savin# he shall not proceed alone, It injures not his companion, nor does it take from the Defendant any advantage he might have, were the action brought by both ; nor does it subject him to any of the disadvantages the law was careful to prevent, when it ordered toase Plaintiffs to sue jointly, that were, jointly concerned. The Plaintiff bad a verdict and judgment. Vide 4 Bac. Ab. 661. 1 Mo. 102. L. Ray. 340.